UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

       Plaintiff,

                                                    Civil Case No. 21-12845
v.                                              Honorable Linda V. Parker

CITY OF FLINT, ET AL.,

       Defendants.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE "DEFENDANTS' EX PARTE MOTION TO EXTEND DEADLINE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT" (ECF NO. 7)**

Plaintiff initiated this action on December 6, 2021. According to certificates of service filed December 9, Plaintiff served Defendants with summonses and copies of the Complaint on December 8 and Defendants' responses to the Complaint are due December 29. This matter is presently before the Court on Defendants' ex parte motion to extend time to respond. (ECF No. 7.)

Rule 6 of the Federal Rules of Civil Procedure allows a court to grant a party more time to act, if a request or motion is made before the original time expires, if there is "good cause" to do so. Fed. R. Civ. P. 6(b)(1). Defendants do not state any reason for why an extension is sought and, therefore, the Court is unable to find good cause for the additional time requested.

Moreover, Eastern District of Michigan Local Rule 7.1 requires parties to seek concurrence before filing a motion.  E.D. Mich. LR 7.1(a).  Neither the Federal Rules of Civil Procedure nor this District's local rules contemplate "ex parte" motions when seeking extensions of time.  If concurrence is not obtained, the motion must reflect:

> A)  there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
>
> (B)  despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference; or
>
> (C)  concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se.

E.D. Mich. LR 7.1(a)(2).  Defendants' motion merely reflects that "Defendants requested Plaintiff's concurrence, but neither attorney responded to this request."  This fails to satisfy the rule's requirements.[1]  It does not inform the Court of how

---

[1] As one judge in this District has explained:

> The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Nov. 2010), available at *http://www.oed.com:80/Entry/38740* (last visited February 3, 2011). The idea behind the rule requiring counsel to "meet[ ] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court

or when the request to opposing counsel was made before the motion's filing to assess whether reasonable efforts were made to obtain concurrence.

For these reasons, Defendants' motion to extend time is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: December 30, 2021

---

intervention. The point was made well by the court in *Loparex, LLC v. MPI Release Technologies, LLC*, Case No: 09-1411, 2011 WL 1871167 (S.D. Ind. May 16, 2011):

"The local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive. Real-time interaction often provides the best forum for hashing out disputes, whereas a faceless exchange of carefully worded and often pointed emails usually solves little except perhaps providing a false moment of triumph to the person pressing the 'send' button."

*Shehee v. Saginaw Cnty.*, No. 13-13761, 2014 WL 12604850, at *1 (E.D. Mich. Nov. 19, 2014) (brackets in original).  Acknowledging that it is sometimes difficult for counsel to expeditiously confer, the court in *Shehee* observed that the rule, in that instance, allows the movant to explain the efforts to confer with his or her opponent.  However, as the court further observed, "those efforts must be 'reasonable,' and the explanation must be complete."  *Id*.  There must be "meaningful, good faith compliance with the rule."  *Id*.