UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

    Plaintiff,

v.

    Case No. 21-cv-12845

CITY OF FLINT,
TERRY VANKEUREN, JR., and
NOAH PILLSBURY,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING FINAL DISPOSITION OF CRIMINAL PROCEEDINGS

On December 6, 2021, Plaintiff initiated this action against Defendants alleging violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that City of Flint police officers Terry Vankeuren, Jr. and Noah Pillsbury, unlawfully arrested and used excessive force against him on October 4, 2020, and that these violations were pursuant to a custom and/or policy of the City of Flint. Charges were not brought against Plaintiff immediately following his arrest; however, the Genesee County Prosecutor filed the following charges against Plaintiff eight days after he filed this civil action: (a) one count of resisting/obstructing a police officer causing injury; (b) three counts of resisting/obstructing a police officer; and (c) one count of operating while

intoxicated. The matter is presently before the Court on Plaintiff's motion to stay these civil proceedings until the criminal matter is finally resolved. (ECF No. 26.) Defendants oppose Plaintiff's request. (ECF No. 27.)

"The Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1975) and *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970)); *see also FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Nevertheless, a court has broad discretion to stay a civil action in the face of pending criminal proceedings. *E.M.A. Nationwide*, 767 F.3d at 627 (citation omitted). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants  . . .." *E.M.A. Nationwide*, 767 F.3d at 626-27 (quotation marks and citation omitted).

"A stay of a civil case is most appropriate when a party to the civil case [is charged in criminal proceedings]." *E.M.A. Nationwide*, 767 F.3d at 628. As the Court of Appeals for the D.C. Circuit explained in *Dresser Industries*:

> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Feder Rule of Criminal Procedure 16(b), expose the basis of the defense to the

>prosecution in advance of criminal trial, or otherwise prejudice the [criminal] case.

628 F.2d at 1375.

Moreover, under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot challenge his or her criminal conviction in a civil suit unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487 (citing 28 U.S.C. § 2254).  If a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.  When criminal charges are pending, the *Heck* bar does not apply.  *Wallace v. Kato*, 549 U.S. 384, 393 (2007).  Nevertheless, when a plaintiff files a civil action "related to rulings that will likely be made in a pending or anticipated criminal trial", it is "common practice[ ] to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 394 (citing *Heck*, 512 U.S. at 487-88 n.8; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).  If the plaintiff is convicted in the criminal proceedings, *Heck* requires dismissal of any charges for which a ruling in the plaintiff's favor "would necessarily imply the invalidity of his conviction."  Otherwise, the civil action may continue, absent some other bar to the plaintiff's claims.  *Id.*

Plaintiff's claim alleging violations of his Fourth Amendment right to be free from arrest without probable cause relates to rulings that will undoubtedly be made in his pending criminal case. While the same may not be necessarily so with respect to Plaintiff's excessive force claim, *see Schreiber v. Moe*, 596 F.3d 323, 334-35 (6th Cir. 2010), the concerns for staying this proceeding while the criminal matter is pending (e.g., the risk of undermining the criminal defendant's right against self-incrimination) support a total stay. As such, the Court concludes that this matter should be stayed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Stay of Proceedings Pending Final Disposition of Criminal Proceedings (ECF No. 26) is **GRANTED** and this action is **STAYED** pending resolution of Plaintiff's criminal case and until Plaintiff petitions to lift the stay.

**IT IS FURTHER ORDERED** that Plaintiff shall file a status report every thirty (30) days or within ten (10) days of the conclusion of his criminal case.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 9, 2023