UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

        Plaintiff,

v.                                                    Case No. 21-cv-12845
                                                      Honorable Linda V. Parker
CITY OF FLINT,
TERRY VANKEUREN, JR., and
NOAH PILLSBURY,

        Defendants.
_____/

## OPINION AND ORDER GRANTING CITY OF FLINT'S MOTION FOR SUMMARY JUDGMENT

This is a civil rights action arising from Plaintiff Deangelo Bowman's seizure and arrest on October 3, 2020.  Bowman alleges that City of Flint Police Officers Terry VanKeuren, Jr. and Noah Pillsbury used excessive force when effectuating his seizure and arrest, and that the City of Flint is liable for failing to properly train them.  The matter is presently before the Court on the City of Flint's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (ECF No. 57.)  The motion is fully briefed.  (ECF Nos. 62, 64.)  Finding that Bowman fails to create a genuine issue of material fact with respect to the City's liability, the Court is granting its motion.

I.      **Standard of Review**

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, "[t]he party opposing the motion must show that 'there is a genuine issue for trial' by pointing to evidence on which 'a reasonable jury could return a verdict' for that party." *Smith v. City of Toledo*, 13 F.4th 508, 514 (6th Cir. 2021) (quoting *Liberty Lobby*, 477 U.S. at 248). The non-movant's evidence generally must be accepted as true and "all justifiable inferences" must be drawn in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

II.     **Factual Background**

Bowman, while admittedly intoxicated, operated a motor vehicle on October 3, 2020. (*See* ECF No. 57-1 at PageID. 445-46.) VanKeuren and Pillsbury encountered Bowman, asleep and in the driver's seat of the vehicle, which had apparently collided with a tree, with the door open, the engine running, and the

transmission in "drive."  (ECF No. 62-19 at PageID. 793; ECF No. 62-6 at PageID. 651-52.)  When the officers attempted to remove Bowman from the vehicle and arrest him, he tensed up a little bit and did not follow their commands.  (ECF No. 57-3 at PageID. 476.)  According to Bowman, the officers responded with excessive and unreasonable force, including grabbing Bowman's head and smashing it against the car door pillar, throwing him to the ground, and punching and kicking him numerous times.  (*See* ECF No. 62 at PageID. 561-62 (citations omitted).)  After being handcuffed in front of his body, and while he was lying face down on the ground, the officers punched Bowman in the face two or three more times, tased him in the back, and sprayed him with mace or pepper spray.  (*Id.*)

## III.   Applicable Law & Analysis

Bowman seeks to hold the City of Flint (hereafter also "City") liable for its officers' actions pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978).

As the Supreme Court explained in *Monell*, and the Sixth Circuit Court of Appeals has since reiterated, "[a] municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'"  *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691)).  "Instead, a plaintiff must show that 'through its

3

deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'" *Id.* (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). "A plaintiff does this by showing that the municipality had a 'policy or custom' that caused the violation of his rights." *Id*. (quoting *Monell*, 436 U.S. at 694).

The Sixth Circuit has described four methods to establish a municipality's policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Jackson*, 925 F.3d at 828 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Bowman principally relies on the third method, although he also seems to assert that the City ratified the officers' conduct by failing to complete an adequate internal investigation of the incident.

### A.    Failure to Train

"To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 286-87 (6th Cir. 2020)

4

(quoting *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)).

"There are 'at least two situations in which inadequate training could be found to

be the result of deliberate indifference.'" *Id.* at 287 (quoting *Cherrington v.*

*Skeeter*, 344 F.3d 631, 646 (6th Cir. 2003)).   "First, and most commonly, a plaintiff

can demonstrate deliberate indifference by showing that the municipality has failed

to act 'in response to repeated complaints of constitutional violations by its

officers.'" *Id.* (quoting *Cherrington*, 344 F.3d at 646).   This requires proof that the

municipality knew of "prior instances of unconstitutional conduct" providing

"clear[] . . . notice that the training in this particular area was deficient and likely to

cause injury" but "ignored a history of abuse." *Id.* (quoting *Fisher v. Harden*, 398

F.3d 837, 849 (6th Cir. 2005)).

Bowman does not rely on this approach, nor does it appear that any attempt

to do so would succeed.   There is no evidence in the record of repeated complaints

of unconstitutional conduct by City officers, such that the City was on notice that

its training was deficient.[1]   Bowman instead relies on an alternative method,

sometimes referred to as "single incident liability."[2]

---

[1] In his response brief, Bowman does mention two civil rights lawsuits in which VanKeuren was named as a defendant: *Brewer v. City of Flint*, No. 20-10315, 2021 U.S. Dist. LEXIS 171843 (E.D. Mich. Sept. 10, 2021); *Kirby v. City of Flint*, No. 20-13088, 2023 U.S. Dist. LEXIS 146361 (E.D. Mich. Aug. 21, 2023).   (*See* ECF No. 62 at PageID. 581-82.)   According to Bowman, the cases settled after the denial of a motion to dismiss in *Brewer* and a motion for summary judgment in *Kirby*.   These two instances do not demonstrate "repeated complaints" or reflect a

5

This less common method offers a plaintiff the ability to show " '[i]n a narrow range of circumstances' . . . that a municipality was deliberately indifferent by 'failing to equip law enforcement officers with specific tools to handle recurring situations.'" *Ouza*, 969 F.3d at 287 (quoting *Brown*, 520 U.S. at 409). The plaintiff must present "evidence of a single violation of federal rights, accompanied by a showing that the [municipality] had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Jackson*, 925 F.3d at 836 (quoting *Campbell v. City of Springboro*, 700 F.3d 779,

---

"history of abuse." *See, e.g., Ruiz-Bueno v. Scott*, 639 F. App'x 354, 364 (6th Cir. 2016) (finding that ten incidents over an eighteen year period do not demonstrate a pattern of constitutional violations that satisfies the burden of proving deliberate indifference); *Hildreth v. Butler*, 960 F.3d 420, 430 & n.6 (7th Cir. 2020) (collecting cases discussing the number of incidents required to show a history of abuse and observing that several courts have found that more than eight incidents over a period of less than six years "does not constitute a 'widespread' practice or custom"); *see also Hernandez v. Dallas Cnty. Sheriff*, No. 3:23-cv-01583, 2024 WL 4202381, at *8 (N.D. Tex. Sept. 16, 2024) (collecting cases requiring more than five "sufficiently numerous prior incidents" to establish a pattern of unconstitutional violations). Moreover, Bowman does not offer evidence to show that the constitutional violations alleged in *Brewer* or *Kirby* were "ignored." *Ouza*, 969 F.3d at 287. Further, neither case involved a violation similar to that at issue here. Nor were the allegations against VanKeuren sustained. As such, contrary to Bowman's assertion, he has not created a question of fact or credibility for a jury with respect to whether the City was on notice of Bowman committing constitutional violations like those asserted here.

[2] Bowman argues that the City of Flint did not address the single-incident theory in its initial brief and therefore "waived it." (ECF No. 62 at PageID. 577.) The City did argue, however, that Bowman cannot demonstrate its liability under a failure to train theory. The fact that the City may not have anticipated which method Bowman would rely upon in response to prove its deliberate indifference does not mean the argument was waived.

794 (6th Cir. 2012)).  "[I]t might happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Id*. (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).  "So, for example, if a municipality failed to provide any training to its officers on the use of deadly force, it would be liable to a person unconstitutionally killed by the police, given that 'city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons' and 'the city has armed its officers with firearms, in part to allow them to accomplish this task.'"  *Ouza*, 969 F.3d at 287 (quoting *City of Canton*, 489 U.S. at 390 n.10) (brackets omitted).

Bowman fails to show, however, that the City of Flint failed to train its officers to respond to recurring situations presenting an obvious potential for the violations alleged here.  He asserts that "[d]iscovery . . . has firmly established Defendant Flint's failure to adequately train and/or supervise its police officers." (ECF No. 62 at PageID. 566.)  However, almost the entirety of his brief focuses on the alleged unconstitutional conduct of the City's officers rather than the City's training or lack of training.  (*See generally id*.)

7

The City's evidence reflects, in fact, that its officers, particularly VanKeuren and Pillsbury, received not only extensive training through the police academy, but also continued routine training through the City of Flint Police Department.[3]  (*See* ECF No. ECF Nos. 57-4 , 57-5, 57-7.)  This training included the proper use of force in various situations and instruction on the use of Tasers.  (*Id.*)  Where officers have been afforded some training, the Sixth Circuit has held that the plaintiff must show that the municipality, "through its policymaker(s), was on notice that, absent additional training, it was so highly predictable" that its law enforcement officers would engage in unconstitutional conduct "as to amount to conscious disregard for citizens' rights."  *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 567 (6th Cir. 2011) (citing *Connick v. Thompson*, 563 U.S. 51, 71 (2011)).  Bowman has not met this burden.

Nor does Bowman satisfy his burden of proof by relying on the opinion of his expert, Ken Katsaris, that the officers' misconduct or the inconsistencies in their testimony "reveals a serious training issue[.]"  (ECF No. 62 at PageID. 579

---

[3] For that reason, the Court finds misplaced Bowman's reminder that "[t]he Sixth Circuit has explicitly rejected the argument that training through the police academy is adequate to relieve a municipality of its duty to train its officers." (ECF No. 62 at PageID. 582-83 (quoting *Ouza*, 969 F.3d at 287).)  In *Ouza*, the officers testified that the only training they had received on the use of force or probable cause determinations had been at the police academy, which for one of the officers was fourteen years before the plaintiff's arrest.  969 F.3d at 288.  The City of Flint, in comparison, provides evidence establishing that Officers VanKeuren and Pillsbury have undergone routine police department training subsequent to their graduation from the police academy.

(citing ECF No. 62-3 at PageID. 623 ¶ 6).)  This inference of wrongdoing by the City of Flint based only on its officers committing the misconduct alleged in this case or purportedly providing inconsistent testimony as to what occurred is precisely the type of respondeat superior liability that *Monell* does not permit.  436 U.S. at 692 (concluding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *see also City of Oklahoma v. Tuttle*, 471 U.S. 808, 821 (1985) (rejecting an inference that the officer's use of excessive force must be attributable to inadequate training or supervision as it "allows a § 1983 plaintiff to establish municipal liability without submitting proof of a single action taken by a municipal policymaker" and providing that "[t]o impose liability under those circumstances would be to impose it simply because the municipality hired one 'bad apple'").  Thus, contrary to Bowman's suggestion, "the conclusion is [not] obvious[]" and a jury reasonably could not find from the officers' alleged misconduct that "either Defendant Flint's training of its officers was so inadequate as to allow these officers to believe that this conduct was appropriate and/or Defendant Flint's supervision of these officers was so inadequate as to allow this grossly unconstitutional behavior."  (ECF No. 62 at PageID. 578.)

"The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986).  As Bowman's response brief details, he may have been subjected to "brutal and wholly excessive and unreasonable force" at the hands of City of Flint police officers.  The officers may have, as Bowman claims, subsequently attempted to minimize their misconduct or manufactured lies to uncover their wrongdoing.  However, to hold the City of Flint liable, Bowman must present evidence of "[its] own illegal acts."[4]  *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022) (quoting *Connick*, 563 U.S. at 60).  This, Bowman fails to do.

## B.     Ratification

Katsaris also seems to opine that the City of Flint ratified the officers' misconduct due to "a completely inadequate internal investigation[.]"  (ECF No. 62-3 at PageID. 623 ¶ 6.)  Such a ratification claim requires the plaintiff to show that "an official with final decision making authority ratified illegal actions."  *Burgess*, 735 F.3d at 478.  However, "[b]ecause municipal liability requires an unconstitutional 'policy' or 'custom,'" the Sixth Circuit has "held that an allegation of a *single* failure to investigate a single plaintiff's claim does not

---

[4] And he must show that the City of Flint's actions "actually caused" his injury. *Gambrel*, 25 F.4th at 408 (quoting *Connick*, 563 U.S. at 70).

suffice." *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 495 (6th Cir. 2020) (citing *Burgess*, 735 F.3d at 478-79; *Thomas v. City of Chattanooga*, 398 F.3d 426, 433-34 (6th Cir. 2005)).  "As a result, 'a claim based on inadequate investigation' requires 'not only an inadequate investigation in this instance,' but also 'a clear and persistent pattern of violations' in earlier instances."[5] *Id.* (quoting *David v. City of Bellevue*, 706 F. Appx 847, 853 (6th Cir. 2017)).  "[T]here must be multiple earlier inadequate investigations and they must concern comparable claims."  *Id.* (quoting *Stewart v. City of Memphis*, 788 F. App'x 341, 344 (6th Cir. 2019)).

Bowman fails to present any evidence to support his expert's cursory assertion that the City of Flint's investigation of his excessive-force allegations was inadequate.  As a result, Bowman has not identified who the supposed official with "final decision making authority" was who specifically decided not to investigate, or inadequately investigated, the officers' alleged misconduct.  But even if such proof had been presented, Bowman offers no evidence of any previous inadequate investigations to establish "a clear and persistent pattern" by the City.

---

[5] To the extent Bowman also is relying on a failure to punish to demonstrate the City of Flint's liability, such a theory also requires evidence of a "clear and persistent pattern."  *Pineda*, 977 F.3d at 495.

## IV. Conclusion

For the reasons discussed above, the Court concludes that Bowman fails to present evidence from which a reasonable jury could find the City of Flint liable for the officers' misconduct alleged in this action.

Accordingly,

**IT IS ORDERED** that the City of Flint's motion for summary judgment (ECF No. 57) is **GRANTED,** and it is terminated as a party to this action.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 18, 2025