UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

      Plaintiff,

                                     Case No. 21-cv-12845

v.                                Honorable Linda V. Parker

TERRY VANKEUREN, JR. and
NOAH PILLSBURY,

      Defendants.
_____/

## OPINION AND ORDER

This civil rights action arises from Plaintiff Deangelo Bowman's seizure and arrest by City of Flint police officers on October 3, 2020. On December 9, 2025, the matter is scheduled for trial on Mr. Bowman's Fourth Amendment excessive force claim against Officers Terry Vankeuren, Jr. and Noah Pillsbury (collectively "Defendants"). Pending before the Court are three motions in limine filed by the parties, which are fully briefed.

Mr. Bowman has filed a motion in limine to preclude the admission of several categories of evidence at trial, which is fully briefed. (ECF Nos. 70, 75, 79.) The parties have stipulated to an order addressing the admissibility of all of the evidence that is the subject of the motion, with the exception of Mr. Bowman's criminal and incarceration history not related to his seizure and arrest on October

3, 2020.  (ECF No. 78.)  Defendants have filed motions in limine to exclude

evidence of Officer VanKeuren's disciplinary history and martial arts training,

which are fully briefed.  (ECF Nos. 71-74, 76-77.)  Below are the Court's rulings

on the motions.

## Standard of Review

District courts have broad discretion over matters involving the admissibility

of evidence at trial.  *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

"Although the Federal Rules of Evidence do not explicitly authorize in limine

rulings, the practice has developed pursuant to the district court's inherent

authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41

n.4 (1984).  "A ruling on a motion in limine is no more than a preliminary, or

advisory, opinion that falls entirely within the discretion of the district court."

*United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore

alter its ruling during trial.  *See Luce*, 469 U.S. at 41-42.  Motions in limine may

promote "evenhanded and expeditious management of trials by eliminating

evidence that is clearly inadmissible for any purpose."  *Indiana Ins. Co. v. Gen.*

*Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran*

*Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

The Federal Rules of Evidence preclude the admissibility of "[i]rrelevant

evidence[.]"  Fed. R. Evid. 402.  "The rules regarding relevancy, however, are

quite liberal." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998).  Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401 (emphasis added).  The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'"  *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence is inadmissible if there is a danger of *unfair* prejudice, not mere prejudice.  *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403).  "Virtually all evidence is prejudicial or it isn't material."  *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

### Mr. Bowman's Unrelated Criminal and Incarceration History

Mr. Bowman seeks to exclude evidence of his convictions and incarceration unrelated to his October 4, 2020 seizure and arrest, arguing that this evidence is not relevant and, even if relevant, is unduly prejudicial. In response, Defendants agree that this evidence is generally inadmissible. Defendants believe, however, that Mr. Bowman may "open the door" to its admissibility by arguing that he has been unable to find a job because of his arrest in connection with the events leading to the current lawsuit. Defendants want to be able to "impeach" Mr. Bowman "with the fact that his criminal history is likely a factor in his inability to find a job." (ECF No. 75 at PageID.1217.)

"Impeachment evidence is generally defined as 'evidence used to undermine a witness's credibility.'" *Garcia-Morquecho v. Sessions*, 694 F. App'x 388, 391 (6th Cir. 2017) (quoting *Evidence*, Black's Law Dictionary (10th ed. 2014)). Notably, none of Mr. Bowman's prior convictions involve dishonest acts or false statements, and thus they do not speak to his truthfulness.

If Mr. Bowman argued or testified at trial that he has been prevented from obtaining employment due to his arrest on October 3, 2020, other factors causing potential employers not to hire him, such as his criminal history, might be relevant and admissible. However, the Court is not likely to allow Mr. Bowman to "open that door," as such argument or testimony is neither relevant nor admissible. This

4

is because the lawfulness of Mr. Bowman's arrest is not at issue in this lawsuit. In
other words, he does not currently claim that he was wrongfully arrested. In fact,
he pleaded guilty to operating a vehicle while intoxicated and for resisting a police
officer. Thus, he cannot claim damage (i.e., unemployability) based on his arrest
or convictions arising from the October 3, 2020 incident.

For that reason, the Court does not see an opening for this evidence to be
offered by Defendants even for impeachment purposes. Therefore, Mr. Bowman's
motion in limine (ECF No. 70) is granted.

### Officer VanKeuren's Disciplinary History

Defendants seek to exclude at trial, as irrelevant and unduly prejudicial, the
Flint Police Department's two disciplinary actions against Officer VanKeuren and
lawsuits filed against him which did not result in a finding of liability.

Starting with Officer VanKeuren's disciplinary history, at some unspecified
time, he was disciplined for tapping a citizen on the head and saying, "good game,"
after the individual crashed into a police car, ran from the scene, and then was
tackled. (*See* ECF No. 73-2 at PageID.1109.) In May 2019, Officer VanKeuren
also received an oral reprimand and counseling for failing to properly process
evidence (a marijuana roach) recovered during a traffic stop on February 28, 2019.
(*See* ECF No. 73-3.) Although the driver of the vehicle reported other misconduct
by Officer VanKeuren during the stop, including that he assaulted the driver and

conducted an unlawful search, those additional allegations were either "not sustained" or Officer VanKeuren was "exonerated." (*Id.*)

Office VanKeuren also has been named as a defendant in two lawsuits. The most recent lawsuit arose from the fatal shooting of a suspect: *Kirby v. City of Detroit*, No. 20-13088 (E.D. Mich. filed Nov. 20, 2020). In that case, the district court denied summary judgment to the named officers, finding a genuine issue of material fact relevant to the plaintiff's Fourth Amendment excessive force claim. *Kirby*, 2021 WL 3566279 (E.D. Mich. Aug. 12, 2021). The parties then reached a settlement without the officers being found liable or admitting liability. Stip. & Order of Dismissal, *Kirby*, No. 20-cv-13088 (E.D. Mich. Dec. 21, 2023), ECF No. 56.

Officer VanKeuren also was named as a defendant in *Brewer v. City of Flint*, No. 20-10315 (E.D. Mich. filed Feb. 7, 2020). The plaintiffs in that lawsuit claimed that Officer VanKeuren engaged in an illegal search of their home and unlawfully seized them.[1] *See Brewer v. City of Flint*, No. 20-10315, 2021 WL 4133740, at *2 (E.D. Mich. Sept. 10, 2021). The parties settled that lawsuit while the defendants' summary judgment motion was pending. Stip. Order Dismissing

---

[1] The plaintiffs also asserted an excessive force claim, but Officer VanKeuren was not named as a defendant with respect to that claim. *See Brewer v. City of Flint*, No. 20-10315, 2021 WL 4133740, at *2 (E.D. Mich. Sept. 10, 2021).

Case, *Brewer*, No. 20-10315 (E.D. Mich. Feb. 13, 2023), ECF No. 75.  The officers were not found liable, nor did they admit liability.

Mr. Bowman does not contend that these previous lawsuits or Officer VanKeuren's disciplinary history are relevant.  (*See generally* ECF No. 73.)  Mr. Bowman argues, however, that this evidence is admissible for impeachment or "if Defendants 'open the door' to the issues of Defendant VanKeuren's alleged good character, including but not limited to, [his] reputation for truthfulness, reputation in the community, reputation as a police officer, education, credentials, and/or lack of disciplinary action against him by any law enforcement agency." (*Id*. at PageID.1085.)

The Court cannot fathom a probable scenario where this evidence would be appropriate impeachment evidence.  The incidents themselves do not speak to Officer VanKeuren's truthfulness, nor do they involve false statements.  If Defendants' counsel asked Officer VanKeuren at trial if he has ever been disciplined or sued, and he denied any prior discipline or legal action against him, this evidence would be impeachment material.  However, the Court finds it highly unlikely that defense counsel would open the door in that way.  Officer VanKeuren's prior misdeeds, much less his unproven misdeeds, are not admissible to show that he acted in accordance with any such misdeeds (prior misbehavior) during his interaction with Mr. Bowman.  *See* Fed. R. Evid. 404(b)(1).  The

7

caselaw cited by Mr. Bowman does not support the admission of this evidence here.

This Court did not necessarily allow evidence of the defendant-officers' prior misconduct in *Rogers v. Ryan*, No. 16-12735, 2020 WL 6335995 (E.D. Mich. Oct. 29, 2020). Instead, this Court denied the defendants' motion to exclude that evidence because the previous misconduct was not described, and the Court could not determine its admissibility without knowing what the specific evidence was and the context in which it would be offered. *Id*. at *2. Here, in comparison, the Court is aware of the prior misconduct and alleged misconduct and cannot discern a basis on which the evidence would be admissible.

Thus, the Court is granting Defendants' motion to exclude Officer VanKeuren's prior disciplinary history and the unrelated lawsuits filed against him.

### Officer VanKeuren's Martial Arts Training

During his deposition in this matter, Officer VanKeuren was asked whether he had any martial arts experience. (ECF No. 73-2 at PageID.1110.) Officer VanKeuren testified that he obtained a black belt in Taekwondo when he was 12 or 13 years old, but that he had not practiced Taekwondo since he was 15 or 16 years old. (*Id*.) He also indicated that he attended a single jujitsu class when he was part of the Flint Police Department's tactical response team. (*Id*.) Defendants seek to exclude this evidence at trial, arguing that it is irrelevant and unduly prejudicial.

8

Mr. Bowman contends that this evidence is relevant and admissible, relying on the following decisions: *Stephan v. Heinig*, 676 F. App'x 466, 468-69 (6th Cir. 2017); *Boscarino v. Moore*, No. 3:15-cv-72, 2015 U.S. Dist. LEXIS 70547, at *12 (S.D. Ohio June 1, 2015); *Washington v. Thompson*, No. 64631-1, 2010 Wash. App. LEXIS 2099, at *11 (Wash. Ct. App. Sept. 20, 2010); and *Lewis v. Downs*, 774 F.2d 711, 714 (6th Cir. 1985).  Mr. Bowman further contends that this evidence is admissible for impeachment and/or credibility purposes if Officer VanKeuren "argue[s] to the jury that he possessed no training other than that of a normal police officer, denies that he has received martial arts training, or opens the door to the issue of his physical training[.]"  (ECF No. 74 at PageID.1181.)

In *Stephen*, the Sixth Circuit did not consider whether a defendant-officer's martial arts training was admissible at the trial of the plaintiff's excessive force claim.  Instead, the appellate court considered the relevance of *the plaintiff*'s second-degree black belt in Taekwondo.  *See* 676 F. App'x at 468-69.  The officers, who were familiar with the plaintiff and her history of seizures and agitation after a seizure, responded to a 911 call to a Taekwondo studio where the plaintiff had experienced a grand mal seizure.  *Id.* at 467.  When the plaintiff woke from the seizure, she became agitated.  *Id.* at 466.  In response, the officers used force that the plaintiff claimed was excessive.  The Sixth Circuit held that the plaintiff's martial arts training and that she "knew how to fight" were relevant in assessing

9

whether the defendant-officers reasonably believed that she posed an immediate threat and whether she was actively resisting arrest. *Id.* at 468-69.

This holding does not support the admissibility of such training by a defendant-officer. Moreover, unlike the plaintiff in *Stephen*, who was training in Taekwondo immediately before the officers encountered her, Officer VanKeuren has not trained in Taekwondo since he was a teenager. *Boscarino* and *Washington* also are not on point with the current matter.

In *Boscarino*, the district court denied a state prisoner's challenge to his state felonious assault conviction based on his counsel's failure to object at trial to the admission of evidence that he was a mixed martial arts fighter. 2015 U.S. Dist. LEXIS 70547, at *4-5. As the petitioner's conviction required proof that he knowingly caused serious physical harm to the victim, the court concluded that his counsel did not perform deficiently in failing to object to the admission of this evidence at trial after the court denied a pretrial motion in limine to exclude this evidence. *Id.* at *12-13.

Similarly, in *Thompson*, the Court of Appeals of Washington found no error in the admission of evidence that the defendant was a cage fighter in his trial for assault in the second degree. 2010 Wash. App. LEXIS 2099, at *8-10. The court found the evidence relevant to the defendant's flight, which was circumstantial evidence of guilt, because the defendant told people on the scene that he was

fleeing from the police because he was a cage fighter and that would put him away for a long time.  *Id.* at *6, *9.  The court also found the evidence relevant to prove the first element of assault—that is, that the defendant's punches were not accidentally inflicted.  *Id.* at *10.

Lastly, in *Lewis*, the Sixth Circuit affirmed the district court's verdict following a bench trial that the defendant-officers used excessive force against one of the plaintiffs.  In reaching that decision, the Sixth Circuit observed that when the officers struck the plaintiff in the head with a nightstick and kicked him in the groin, the plaintiff weighed approximately 120 pounds and was being restrained by his brother, who weighed about 175 pounds.  774 F.2d at 714.  The court concluded that the plaintiff, therefore, "was not in a position to do physical harm to either officer or to further intervene with [another plaintiff's] arrest."  *Id*.  Mr. Bowman contends that if such facts were relevant to determining whether the plaintiff in *Lewis* posed an immediate threat to the officer's safety, Officer VanKeuren's status as a black belt is relevant to whether he found Mr. Bowman to be a threat here.

Even if an officer's Taekwondo or martial arts training could be deemed relevant in an excessive force case to the question of whether the plaintiff posed an immediate threat to the officer, the Court finds any relevance here minimized by the fact that Officer VanKeuren has not trained in Taekwondo since he was a teenager.  Any possible relevance is outweighed by the danger of unfair prejudice

and the possibility of misleading the jury.  The Court, therefore, grants Defendants'
motion to exclude this evidence.

### Conclusion

For the reasons stated, the Court is granting Mr. Bowman's motion in limine
to exclude evidence of his unrelated convictions and incarceration history.  (ECF
No. 70.)  The Court is also granting Defendants' motions in limine to exclude
evidence of Officer VanKeuren's disciplinary history and unrelated lawsuits and
his Taekwondo training.  (ECF Nos. 71, 72.)  As indicated, these rulings are
preliminary.  Counsel for any party may ask the Court at a sidebar or outside the
jury's presence to reconsider the exclusion of this evidence if trial testimony
supports its admission.

**SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: November 5, 2025