UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

    Plaintiff,

v.

                          Case No. 21-cv-12845
                          Honorable Linda V. Parker

TERRY VANKEUREN, JR. and
NOAH PILLSBURY,

    Defendants.
_____/

## OPINION AND ORDER REGARDING THE ADMISSIBILITY OF THE INTERNAL AFFAIRS INTERVIEW

    This civil rights action arises from Plaintiff Deangelo Bowman's seizure and arrest by City of Flint police officers on October 3, 2020.  Remaining to be tried is Mr. Bowman's Fourth Amendment excessive force claim against Officers Terry Vankeuren, Jr. and Noah Pillsbury (collectively "Defendants").  The trial is set to begin on December 9, 2025.

    In the parties' proposed Final Pretrial Order, Mr. Bowman objected to the admissibility of evidence arising from an Internal Affairs ("IA") investigation by the City of Flint Police Department after Mr. Bowman filed a complaint with the police department complaining about the subject incident.  During that investigation, Flint Police Department Lieutenant Ronald Dixon interviewed Mr. Bowman.  There is an audio recording and transcript of the interview.  Mr.

Bowman recently filed a "supplemental brief" concerning the admissibility of this evidence, which is essentially a motion in limine.[1]  (*See* ECF No. 93.)  Mr. Bowman argues that his statements during the interview should not be admitted at trial.  (*See id.*)

Mr. Bowman contends that the statements constitute hearsay, which cannot be admitted for the truth of the matter asserted.  Mr. Bowman also contends that Defendants should not be allowed to use his prior statements for impeachment purposes because the statements' "probative value is substantially outweighed by the danger of unfair prejudice."  (*Id.* at PageID.1750 (quoting Fed. R. Evid. 403).)  Mr. Bowman maintains that "[t]he IA interview is massively prejudicial to [him]" because he "was not represented by counsel and was subject to a monumentally biased interview by the employer of the instant Defendants at a City of Flint Police Station."  (*Id*. at PageID.1750-71.)  Further, Mr. Bowman argues, "he was never Mirandized, advised that he could have counsel present, or that the interview would later be used against him in civil litigation."  (*Id*. at PageID.1751.)  With the IA interview excluded, Mr. Bowman asks the Court to strike Lieutenant Dixon and Flint Police Department Officer Chimene Hill as witnesses, as they were not

---

[1] The parties' deadline to file motions in limine was July 18, 2025.  (*See* ECF No. 69.)  While Mr. Bowman's "motion" is untimely, the Court nevertheless will address his challenge to this evidence to avoid an interruption during trial to address it.

2

present at the scene of the subject incident and their only involvement was with the IA investigation.

In response, Defendants indicate that they already agreed not to introduce the IA report, the audio of Mr. Bowman's interview, or the transcript of the interview at trial. (ECF No. 94 at PageID.1892.) Defendants agree not to mention the IA investigation. (*Id.*) They have removed Officer Hill from their witness list and plan to call Lieutenant Dixon only if necessary to impeach Mr. Bowman with his statements during the IA interview. As a result, if Mr. Bowman's previous statements are used against him, the jury will not know that they were made as part of an IA interview or investigation or that the investigation occurred. Defendants argue that Mr. Bowman's statements during the interview are admissible for impeachment purposes if he testifies inconsistently at trial.[2]

## Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent

---

[2] In their response brief, Defendants also indicate that Mr. Bowman's statements, made under oath during his plea hearing in the criminal matter arising from his arrest, also are admissible for impeachment purposes. (ECF No. 94 at PageID.1892.) As those statements are not the focus of Mr. Bowman's brief, the Court does not address their admissibility here.

authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during trial. *See Luce*, 469 U.S. at 41-42. Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

## Discussion

The Federal Rules of Evidence preclude the admissibility of "[i]rrelevant evidence[.]" Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*,

4

149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible if there is a danger of *unfair* prejudice, not mere prejudice. *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't material." *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

Hearsay also is generally inadmissible. *See* Fed. R. Evid. 802. A witness' prior, out-of-court, statement constitutes hearsay if it is offered for the truth of the matter asserted. *See* Fed. R. Evid. 801. However, an opposing party's statement may be used against that party and is not hearsay if *inter alia* it "was made by the party in an individual or representative capacity[.]" Fed. R. Evid. 801(d)(2)(A).[3] To be admissible pursuant to Rule 801(d)(2)(A), the statements do not have to be adverse to the party's interests when made. *Estate of Shafer v. C.I.R.*, 749 F.2d

---

[3] The proponent must provide adequate proof to support a finding that the statement was made by the party. *See Cervetto v. Powell*, No. 1:14CV-00075, 2016 WL 6582992, at *2 (W.D. Ky. Nov. 4, 2016) (quoting 5-801 Weinstein & Berger, Weinstein's Fed. Evid. § 801.30[3] (2016)). Lieutenant Dixon is the witness who can authenticate the statements at issue.

5

1216, 1219 n.3 (6th Cir. 1984) (citations omitted). Mr. Bowman's statements during the IA interview are admissible under this rule.

The Court is not convinced that the statements, as a general matter, are excludable under Rule 403 due to the circumstances under which they were made (i.e., without Mr. Bowman being read his Miranda rights, without the assistance of counsel, and without Mr. Bowman being advised that they could be used at a civil trial). Mr. Bowman cites no caselaw suggesting that his statements to police are inadmissible in this civil proceeding due to the lack of such warnings or information. These warnings were established by the Supreme Court as a "prophylactic measure" to be provided to persons—and then only persons "in custody"— "to safeguard the core constitutional right protected by the Self-Incrimination Clause." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (citing *Michigan v. Tucker*, 417 U.S. 433, 444 (1974)); *see also Miranda v. Arizona*, 384 U.S. 436, 467 (1966). The Fifth Amendment protects against the use of an individual's statements at only his or her *criminal* trial.[4] *Chavez*, 538 U.S. at 766-67. "Because this is a civil case, rather than a criminal prosecution of [Mr. Bowman], the admission of [his] statements to the police *in this case* do not violate the Fifth Amendment, regardless of any voluntariness or *Miranda* issues." *Alley v.*

---

[4] The Fifth Amendment provides that "[n]o person . . . shall be compelled *in any criminal case* to be a witness against himself." U.S. Const. amend. V.

*Cnty. of Pima*, No. CV-15-00152, 2024 WL 1908965, at *9 (D. Ariz. May 1, 2024) (citing *Chavez*, 538 U.S. ta 766-73) (denying the plaintiff's motion in limine to exclude his non-Mirandized statements to the police after hotel fire in his § 1983 action alleging wrongful conviction for the murder of individuals killed in the fire); *see also Hughey v. Easlick*, No. 19-10368, 2022 WL 15523071, at * (E.D. Mich. Oct. 26, 2022) (allowing for the admission of police report containing the plaintiff's statements, which was prepared following the plaintiff's arrest for speeding, in her § 1983 action where she claimed the officers used excessive force).

      Mr. Bowman's other asserted reasons for excluding his statements under Rule 403 are vague and conclusory.  The Court is uncertain what Mr. Bowman means when he claims it was "a monumentally biased interview."  If he was confused or misled by a question because of the way it was asked, he can explain this to the jury at trial.  If Mr. Bowman believes his answers need explanation or clarification which he was not able to provide during the interview, his counsel can provide him with the opportunity to do so at trial, as well.

      For these reasons, the Court rejects Mr. Bowman's request to preclude Defendants from offering his IA interview statements against him at trial.  As Lieutenant Dixon is the appropriate witness to authenticate those statements, the

7

Court will not strike him as a witness.

    **SO ORDERED**.

                                                    s/ Linda V. Parker  
                                                    LINDA V. PARKER  
                                                    U.S. DISTRICT JUDGE

Dated: December 4, 2025