UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

    Plaintiff,

v.

TERRY VANKEUREN, JR. and
NOAH PILLSBURY,

    Defendants.
_____/

Case No. 21-12845
Honorable Linda V. Parker

## ORDER REGARDING EVIDENCE OF ALLEGED RETALIATION

    This matter is currently being tried before a jury on Plaintiff's claim, brought under 42 U.S.C. § 1983, that Defendants violated his Fourth Amendment rights to be free from excessive force. The lawsuit arises from Plaintiff's arrest on October 4, 2020, after Defendants, who are officers with the City of Flint Police Department, found Plaintiff asleep or passed out in his vehicle. Criminal charges were brought against Plaintiff on December 14, 2021, eight days after he filed this civil lawsuit. On September 7, 2023, Plaintiff pleaded guilty to operating while impaired and attempted resisting and obstructing a police officer.

    During the trial in the current matter, which began on December 9, Plaintiff's counsel has asked witnesses about the fourteen-month gap between the incident at issue and the decision to bring criminal charges against Plaintiff.

Because the charging decision followed closely after Plaintiff's filing of the current § 1983 lawsuit, his counsel has suggested to the jury that it was retaliatory.

In response, Defendants have asked the Court for a curative instruction, informing the jury that there is no evidence of retaliation and that retaliation is not relevant to the jurors' assessment of whether Defendants used excessive force. Plaintiff counters that the alleged delay is relevant as it is part of the "totality of the circumstances."  To support this argument, Plaintiff cites the following decisions: *Greene v. Distelhorst*, No. 96-3044, 1997 WL 351298 (6th Cir. 1997); *Hammond v. Cnty. of Oakland*, No. 17-13051, 2022 WL 3573856 (E.D. Mich. Aug. 19, 2022); *Kidis v. Reid*, No. 16-13070, 2018 WL 5000026 (E.D. Mich. Oct. 16, 2018); *Webb v. Hiben*, No. 12-12370, 2015 WL 5335011 (E.D. Mich. Sept. 14, 2015); and *Edgerson v. Matatall*, No. 10-14954, 2014 WL 172258 (E.D. Mich. Jan. 15, 2014).

None of these cases support the admissibility of evidence in an excessive force trial of an alleged delay in the plaintiff's prosecution arising from the incident where excessive force was allegedly used.  Instead, what each of these cases hold is that the plaintiff's *convictions* arising from the subject incident are relevant and admissible.  *See Greene*, 1997 WL 351298, at *3 (concluding that the plaintiff's convictions for drug use and resisting arrest arising from his arrest where he claimed excessive force was used were admissible); *Hammond*, 2022 WL 3573856, at *2, *3 (holding that the plaintiff's criminal sexual conduct and

unlawful imprisonment convictions resulting from the night he was arrested were admissible "because such information is . . . needed to provide the jury with a complete picture of the events that led to his arrest by [the defendant]" who he claimed used excessive force to effectuate the arrest); *Kidis*, 2018 WL 5000026, at *3-4 (finding the plaintiff's guilty plea to "Attempted Assault/Resist/Obstruct" arising from the subject incident relevant and admissible "to provide the jury with a full account of the events giving rise to [his] excessive force claim"); *Webb*, 2015 WL 5335011, at *3-4 (finding admissible the plaintiff's nolo contendere plea for two home invasions, one of which was the home where the plaintiff was arrested and where he claimed excessive force was used against him); *Edgerson*, 2014 WL 172258, at *5 (denying the plaintiff's motion to preclude the admission of his convictions for driving without a license, resisting arrest, fleeing and alluding, and possession of marijuana following the events underlying his excessive force claim). The courts reasoned that the plaintiff's "criminal activity was part and parcel of the arrest" where the plaintiff claimed excessive force was used. *Greene*, 1197 WL 351298, at *3.

As the Sixth Circuit explained in *Greene*: "Whether an arrest involved excessive use of force is determined by applying the standard of objective reasonableness to the specific conduct of the arresting officers in the context of the facts and circumstances actually present in the particular case." 1997 WL

3

3573856, at *3 (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). As the Supreme Court advised in *Graham*, "the severity of the crime at issue" is a "fact[] and circumstance[]" that is part of "the totality of the circumstances" considered in deciding whether the force used was justified. 490 U.S. at 396. In comparison, the amount of time between the underlying event and the decision to charge the plaintiff is in no way "part and parcel of the arrest"—it is not among "the totality of the circumstances" relevant to whether the force used during the arrest was reasonable.

For these reasons, the Court concludes that it was inappropriate for Plaintiff to have attempted to introduce evidence regarding the alleged delay in his prosecution and even more so to suggest that the jury infer retaliation based on the alleged delay. Therefore, the Court is granting Defendants' request for a curative instruction and will provide the following instruction:

> There has been argument that Defendants retaliated against Plaintiff by pressing charges against him shortly after he filed this lawsuit. You are reminded that statements by attorneys are not evidence. Retaliation is not a claim in this lawsuit, and neither the alleged retaliation nor the alleged delay are circumstances relevant to your assessment of Plaintiff's excessive force claim.

**SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: December 13, 2025