UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BOWMAN,

    Plaintiff,

v.

TERRY VANKEUREN, JR. and
NOAH PILLSBURY,

    Defendants.
_____/

Case No. 21-12845
Honorable Linda V. Parker

## ORDER REGARDING REQUESTED VIDEO-EVIDENCE INSTRUCTIONS

The jury trial in this matter began on December 9, 2025. Before the Court is Defendants' request for a curative instruction to address Plaintiff's suggestions to the jury that Defendants and/or the City of Flint intentionally altered or withheld video evidence. Also before the Court is Plaintiff's request for a spoliation instruction based on the contention that video evidence has been withheld.

"When a party destroys evidence in anticipation of litigation, the trial court may impose sanctions for spoliation." *Applebaum v. Target Corp.*, 831 F.3d 740, 744 (6th Cir. 2016) (citing *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (en banc)). The Sixth Circuit has laid out three elements that must be proven by a party seeking an adverse inference instruction based on the destruction of evidence:

(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). The severity of the sanction issued for the destruction of evidence is determined on a case-by-case basis, depending in part on the spoliating party's level of culpability. *Flagg v. City of Detroit*, 715 F.3d 165, 178 (6th Cir. 2013).

Plaintiff has not demonstrated the elements necessary to support a finding of spoliation. There is no evidence of culpability. Perhaps more importantly, Plaintiff has not shown that any evidence has been destroyed.

Nevertheless, Plaintiff's counsel has made statements to and in front of the jury encouraging the jury to find spoliation. For example, during opening statements, Plaintiff's counsel stated:

> What's worse about this video is that this guy and people from the City of Flint gave us this video.
>
> Guess what? It's given to us at two frames per second. You can't do anything with two frames per second. You can't enhance it, you can't blow it up. They did this intentionally. Because you know what else? His video and his video from their cars are filmed at 30 seconds -- 30 frames per second and you can enhance them. This one is from his dad, the only one that shows what may have happened.
>
> Once again, they did something with the video. Who knows what? I can guess we all know why they did it.

On the fourth day of trial, when asked if he agreed that the video being played was "unaltered," Plaintiff's counsel responded: "Absolutely not. We all know it's not unaltered." Counsel has asked several witnesses questions about video speed and the format of the videos produced to suggest that changes were made to decrease the quality of the copies provided to Plaintiff.

The witnesses' answers did not bring forth evidence that any video had been destroyed or altered. Notably, at no point prior to trial did Plaintiff file a motion to compel or otherwise bring to the Court's attention the claim that video evidence had been destroyed, not produced, or produced in an inferior or modified format.

For these reasons, the Court declines Plaintiff's request for a spoliation instruction but finds the curative instruction set forth below to be necessary.

> There has been argument that Defendants and/or the City of Flint intentionally altered and/or withheld video of the subject incident. You are reminded that statements by attorneys are not evidence. No evidence has been presented to establish that the City of Flint or Defendants altered or withheld video. Therefore, you are instructed not to consider those allegations.

**SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: December 13, 2025